ANDREW P. VALENTINE (Bar No. 162094)
andrew.valentine@dlapiper.com
GEORGE C. LIMBACH, (Bar No. 29710)
george.limbach@dlapiper.com
ALAN A. LIMBACH (Bar No. 173059)
alan.limbach@dlapiper.com
**DLA PIPER RUDNICK US LLP**
2000 University Avenue
East Palo Alto, California  94303-2248
Telephone: 650-833-2434
Facsimile: 650-833-2001

Attorneys for Plaintiff
ZAZZLE.COM, INC.

ORIGINAL FILED
06 DEC -5 PM 1:04
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| ZAZZLE.COM, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ABBIE ROAD IMPRINTING, LLC, a Wisconsin Limited Liability company,<br><br>Defendant. | Case No. C06 07429 JF RS<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN; UNFAIR COMPETITION/DECEPTIVE TRADE PRACTICE; AND COMMON LAW TRADEMARK INFRINGEMENT AND STATUTORY TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ZAZZLE.COM, INC. hereby alleges as follows:

<u>JURISDICTION AND VENUE</u>

1.      This action arises under the Federal Trademark Act of 1946, known as the Lanham Act (15 U.S.C. §§ 1051-1127), and is for trademark infringement and unfair competition, as well as state common law and statutory trademark infringement and unfair competition.  Subject matter jurisdiction is based on 28 U.S.C. §§ 1331, 1338(a) and (b)

DLA PIPER US LLP

PA\10482224

COMPLAINT AND DEMAND FOR JURY TRIAL

-1-

PA\10482224.1

and 15 U.S.C. § 1121. Supplemental subject matter jurisdiction for the state law claims is based on 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b).

2. This Court has personal jurisdiction over defendant by reason of its transaction of business over the Internet and into and within the State of California and this District and its marketing, offering for sale, and selling of goods and services over the Internet and into and within the State of California.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the claims arise in this District and defendant is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

4. Intradistrict assignment to the San Jose Division is appropriate as a substantial part of the events which give rise to the claims as alleged herein occurred in the County of Santa Clara by virtue of defendant's unlawful activities over the Internet and into and in this county.

## THE PARTIES

5. Plaintiff ZAZZLE.COM, INC. is a California corporation with its principal place of business at 849 High Street, Palo Alto, California 94301.

6. On information and belief, defendant ABBIE ROAD IMPRINTING, LLC, is a Wisconsin limited liability company with its principal place of business at 3350 Commodity Lane, Suite E, Greenbay, Wisconsin 54304. Plaintiff is informed and believes, and thereon alleges that ABBIE ROAD IMPRINTING LLC is qualified to do business in California, conducts business in Santa Clara County, and has sufficient contacts with this district to subject it to personal jurisdiction.

## FACTUAL ALLEGATIONS

7. Plaintiff markets and sells ART PRINTS, PRINTED ART REPRODUCTIONS, PRINTED PATTERNS AND POSTERS ALL OF WHICH ARE PERSONALLY SELECTED BY PURCHASERS OVER THE INTERNET, COMPUTERIZED ON-LINE RETAIL STORE SERVICES IN THE FIELD OF PERSONALIZED DECORATED APPAREL AND PRINT ART; ADVERTISING

1  SERVICES, NAMELY, PROMOTING THE SERVICES OF ARTISTS THROUGH THE
2  DISPLAY AND DISTRIBUTION OF ART WORKS OVER A GLOBAL COMPUTER
3  NETWORK, CUSTOM PRINTING OF ART WORK ON CLOTHING, DESIGN
4  SERVICES NAMELY GRAPHIC ART DESIGN and related goods and services under
5  the mark ZAZZLE. Plaintiff is the owner of U.S. Registration Nos. 2744908, 2780619 for
6  ZAZZLE for the goods and services listed above. Attached hereto as Exhibit A and
7  incorporated by reference herein is a true and correct copy of the Certificates of
8  Registration.

9      8. Plaintiff continuously has used the mark ZAZZLE since at least as early as
10 January 31, 2001.

11     9. Plaintiff has sold and sells its products and services under the ZAZZLE
12 trademark in interstate commerce throughout the United States and the world. Plaintiff
13 has developed wide recognition and valuable goodwill with respect to its ZAZZLE mark.

14     10. Plaintiff has spent considerable sums advertising and promoting its
15 ZAZZLE trademark and, by virtue of the unparalleled excellence of its products, has
16 obtained a valuable reputation for the products and services it provides.

17     11. Plaintiff is informed and believes, and thereon alleges, that defendant
18 recently started using the name and phrase "Zazz It Up" / "ZAZZITUP", hereinafter
19 "ZAZZITUP", over the Internet to identify products and services virtually identical to
20 those offered by Plaintiff. Plaintiff is informed and believes, and thereon alleges, that
21 defendant uses, or intends to use, ZAZZITUP in interstate commerce.

22     12. Plaintiff is informed and believes, and thereon alleges, that defendant
23 already has packaged products under the ZAZZITUP name and has demonstrated and
24 advertised those products and related services publicly.

25     13. Plaintiff is informed and believes, and thereon alleges, that its use of
26 ZAZZLE pre-dates defendant's use of ZAZZITUP, or defendant's use of any other name
27 incorporating ZAZZLE.

28 ///

14.  Plaintiff is informed and believes, and thereon alleges, that the products and services offered by defendant under the ZAZZITUP name, or intended to be offered by defendant under the ZAZZITUP name, are virtually identical to the products and services offered by Plaintiff under the ZAZZLE mark, i.e., computerized on-line retail store services in the field of personalized decorated apparel and print art or related products and services, and custom printing of art work on clothing and with the advertising, offering for sale or sale of any related products and services. Defendant advertises said products and services on the Internet. Attached hereto as <u>Exhibit B</u> and incorporated by reference herein is a true and correct copy of the printed version of defendant's electronic advertisements for products sold and services offered under the ZAZZITUP name on the Internet.

15.  Plaintiff is informed and believes, and thereon alleges, that the products and services offered by defendant under the ZAZZITUP name, or intended to be offered by defendant under the ZAZZITUP name, are sold or will be sold in the same channels of trade and to the same prospective customers as the products and services offered by Plaintiff under the ZAZZLE mark.

16.  Plaintiff is informed and believes, and thereon alleges, that defendant's use of ZAZZITUP will cause confusion, mistake and deception among purchasers and users as to the source or origin of the parties' respective products, thereby causing loss, damage and injury to Plaintiff and the public.

17.  Plaintiff is informed and believes, and thereon alleges, that defendant intentionally selected the name ZAZZITUP in an attempt to confuse the public into thinking its products are associated with or sponsored by Plaintiff, thereby seeking to benefit from the time and effort expended by Plaintiff promoting the ZAZZLE name.

18.  Defendant never sought, and Plaintiff has not given, permission to defendant to use Plaintiff's trademark.

///

///

# FIRST CLAIM FOR RELIEF
## (Trademark Infringement in Violation of Lanham Act, 15 U.S.C. § 1114)

19.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 18.

20.  This claim for relief arises under the Lanham Act (15 U.S.C. §§ 1051-1127).

21.  Defendant's use of the mark ZAZZITUP, alone and in combination with other words, constitutes trademark infringement under 15 U.S.C. § 1114 and federal trademark common law.

22.  Plaintiff is informed and believes, and thereon alleges, that defendant has used, or intends to use, the name ZAZZITUP with the intent of causing confusion.

23.  Plaintiff is informed and believes, and thereon alleges, that defendant's use of ZAZZITUP likely will cause confusion with respect to the origin of the parties' respective products and services, and will continue to cause confusion, unless defendant's use of ZAZZITUP is enjoined.

24.  These wrongful acts proximately have caused and will continue to cause Plaintiff substantial injury including but not limited to loss of clients, lost profits, dilution of its goodwill, and injury to its reputation.

25.  Unless enjoined by the Court, defendant's conduct will cause irreparable harm and injury to Plaintiff, the amount of which will be difficult to ascertain.

26.  Plaintiff has no adequate remedy at law and is entitled to injunctive relief against defendant from engaging in further such unlawful conduct.

27.  Plaintiff further is entitled to recover from defendant the gains, profits, and advantages obtained as a result of the unlawful conduct alleged herein, in an amount to be determined at trial.

# SECOND CLAIM FOR RELIEF
## (Unfair Competition/False Designation of Origin in Violation of Lanham Act, 15 U.S.C. § 1125(a))

28.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 27.

**29.** This claim arises under the Lanham Act (15 U.S.C. §§ 1051-1127), specifically 15 U.S.C. § 1125(a).

**30.** Plaintiff is informed and believes, and thereon alleges, that defendant has used, and will continue to use, the name ZAZZITUP with the intent of causing confusion.

**31.** Plaintiff is informed and believes, and thereon alleges, that defendant's use of ZAZZITUP likely will cause confusion with respect to the origin of the parties' respective products and services, and will continue to cause confusion, unless defendant's use of ZAZZITUP is enjoined.

**32.** These wrongful acts proximately have caused and will continue to cause Plaintiff substantial injury including but not limited to loss of clients, lost profits, dilution of its goodwill, and injury to its reputation.

**33.** Unless enjoined by the Court, defendant's conduct will cause irreparable harm and injury to Plaintiff, the amount of which will be difficult to ascertain.

**34.** Plaintiff has no adequate remedy at law and is entitled to injunctive relief against defendant from engaging in further such unlawful conduct.

**35.** Plaintiff further is entitled to recover from defendant the gains, profits, and advantages obtained as a result of the unlawful conduct alleged herein, in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
**(Unfair Competition/Deceptive Trade Practice in Violation of California Business and Professions Code § 17200 *et seq.*)**

**36.** Plaintiff incorporates by reference the allegations of paragraphs 1 through 35.

**37.** This claim arises under California common law and California Business & Professions Code §§ 17200 *et seq.*

**38.** Plaintiff is informed and believes, and thereon alleges, that defendant has used, and will continue to use, the name ZAZZITUP with the intent of causing confusion.

39. Plaintiff is informed and believes, and thereon alleges, that defendant's use of ZAZZITUP likely will cause confusion with respect to the origin of the parties' respective products and services, and will continue to cause confusion, unless defendant's use of ZAZZITUP is enjoined.

40. These wrongful acts proximately have caused and will continue to cause Plaintiff substantial injury including but not limited to loss of clients, lost profits, dilution of its goodwill, and injury to its reputation.

41. Unless enjoined by the Court, defendant's conduct will cause irreparable harm and injury to Plaintiff, the amount of which will be difficult to ascertain.

42. Plaintiff has no adequate remedy at law and is entitled to injunctive relief against defendant from engaging in further such unlawful conduct.

### FOURTH CLAIM FOR RELIEF
**(Common Law Trademark Infringement and Trademark Infringement in Violation of California Business and Professions Code § 14330 *et seq.*)**

43. Plaintiff incorporates by reference the allegations of paragraphs 1 through 42.

44. This count arises under California common law and California Business & Professions Code §§ 14300 *et seq.*

45. Plaintiff is informed and believes, and thereon alleges, that defendant has used, and will continue to use, the name ZAZZITUP with the intent of causing confusion.

46. Plaintiff is informed and believes, and thereon alleges, that defendant's use of ZAZZITUP likely will cause confusion with respect to the origin of the parties' respective products and services, and will continue to cause confusion, unless defendant's use of ZAZZITUP is enjoined.

47. These wrongful acts proximately have caused and will continue to cause Plaintiff substantial injury including but not limited to loss of clients, lost profits, dilution of its goodwill, and injury to its reputation.

**48.** Unless enjoined by the Court, defendant's conduct will cause irreparable harm and injury to Plaintiff, the amount of which will be difficult to ascertain.

**49.** Plaintiff has no adequate remedy at law and is entitled to injunctive relief against defendant from engaging in further such unlawful conduct.

**50.** Plaintiff further is entitled to recover from defendant the gains, profits, and advantages obtained as a result of the unlawful conduct alleged herein, in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against defendant as follows:

1. For issuance of a preliminary injunction and permanent injunction directing and restraining defendant and each of its agents and/or representatives, at first during the pendency of this action and thereafter permanently:

    (A) From using in any manner the mark ZAZZITUP alone or in combination with any other word or words or design, or any term confusingly similar thereto, in connection with computerized on-line retail store services in the field of personalized decorated apparel and print art or related products and services, and custom printing of art work on clothing and with the advertising, offering for sale or sale of any related products and services;

    (B) From committing any acts calculated to cause purchasers to believe that any products or services sold or offered by defendant are sponsored by, approved by, connected with, guaranteed by or offered or sold by Plaintiff or under the control or supervision of Plaintiff; and

    (C) From otherwise unfairly competing with Plaintiff in any manner.

2. For an order requiring defendant to deliver to Plaintiff and/or destroy any written or electronic material bearing the mark ZAZZITUP or

any term confusingly similar to Plaintiff's ZAZZLE mark.

    3.    For an order requiring defendant to delete all references to the mark ZAZZITUP alone or in combination with any other word or words or design from any written or electronic material.

    4.    For an order requiring defendant, within thirty (30) days after entry of judgment, to file with this Court and to serve upon Plaintiff a written report, under oath, setting forth in detail, the manner in which defendant has complied with Paragraphs 1-3, above.

    5.    For damages in an amount to be determined at trial, including treble damages pursuant to the provisions of 15 U.S.C. § 1117(a), and all other applicable statutes which increase damages.

    6.    For reasonable attorneys' fees and costs as permitted by law.

    7.    For such other and further relief against defendant as the Court deems just and proper.

Dated: December 5, 2006

DLA PIPER US LLP

By _____
ANDREW P. VALENTINE
GEORGE C. LIMBACH
ALAN A. LIMBACH
Attorneys for Plaintiff
ZAZZLE.COM, INC.

## DEMAND FOR JURY TRIAL

Plaintiff ZAZZLE.COM, INC., hereby demands a jury trial in this action.

Dated: *December 5*, 2006

                          DLA PIPER US LLP

                          By *George C. Limbach*
                          ANDREW P. VALENTINE
                          GEORGE C. LIMBACH
                          ALAN A. LIMBACH
                          Attorneys for Plaintiff
                          ZAZZLE.COM, INC.

# Exhibit A

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, and 50

**United States Patent and Trademark Office**

Reg. No. 2,744,908
Registered July 29, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## ZAZZLE

ZAZZLE.COM, INC. (CALIFORNIA CORPORATION)
965 HIGH STREET
PALO ALTO, CA 94301

FOR: ART PRINTS, PRINTED ART REPRODUCTIONS, PRINTED PATTERNS AND POSTERS ALL OF WHICH ARE PERSONALLY SELECTED BY PURCHASERS OVER THE INTERNET, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-31-2002; IN COMMERCE 9-27-2002.

SN 78-059,234, FILED 4-19-2001.

BRETT J. GOLDEN, EXAMINING ATTORNEY

Int. Cls.: 35, 36, 40, and 42

Prior U.S. Cls.: 100, 101, 102, 103, and 106

United States Patent and Trademark Office

Reg. No. 2,780,619
Registered Nov. 4, 2003

## SERVICE MARK
### PRINCIPAL REGISTER

### ZAZZLE

ZAZZLE.COM, INC. (CALIFORNIA CORPORATION)
965 HIGH STREET
PALO ALTO, CA 94301

FOR: COMPUTERIZED ON-LINE RETAIL STORE SERVICES IN THE FIELD OF PERSONALIZED DECORATED APPAREL AND PRINT ART; ADVERTISING SERVICES, NAMELY, PROMOTING THE SERVICES OF ARTISTS THROUGH THE DISPLAY AND DISTRIBUTION OF ART WORKS OVER A GLOBAL COMPUTER NETWORK, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-31-2001; IN COMMERCE 1-31-2001.

FOR: BROKERAGE IN THE FIELD OF GRAPHIC ART REPRODUCTIONS, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-31-2001; IN COMMERCE 1-31-2001.

FOR: CUSTOM PRINTING OF ART WORK ON CLOTHING, IN CLASS 40 (U.S. CLS. 100, 103 AND 106).

FIRST USE 1-31-2001; IN COMMERCE 1-31-2001.

FOR: DESIGN SERVICES NAMELY GRAPHIC ART DESIGN, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 1-31-2001; IN COMMERCE 1-31-2001.

SN 78-059,227, FILED 4-19-2001.

BRETT J. GOLDEN, EXAMINING ATTORNEY

# Exhibit B



ZazzItUp.com from Abbie Road Imprinting, LLC

- Throws & Blankets
- Kids / Baby
- Teddy Bears
- Sweatshirts
- Sport Shirts
- Tee Shirts
- Leather Jackets
- Hawaiian Shirts
- Wedding

**FREE Personalization on all christmas stockings**

For a limited time, we are offering free embroidered personalization on any stocking order.


Our price: $14.95
See Details


Our price: $67.85
See Details


**Yupoong Knit Cap**
AL-1500


Our price: $7.99
See Details

**Authentic Pigment Pigment-Dyed Cap**
AL-1910
Our price: $10.68
See Details


Our price: $17.65
See Details

**Desert Camo Personalized Christmas Stocking**
SKU2750


Our price: $18.95
See Details

**JERZEES Supersweats Pullover Hood**
4997
Our price: $27.75
See Details


Our price: $27.95
See Details

**8" Greeting Bear**
AS-GB


Our price: $13.25
See Details

**Sunday Bag - Yellow & Pink Toile**
MS-1.17
Our price: $24.95
See Details

**A-1 Bomber**
PW-108



Our price: $299.00
See Details

**Wedding Party Cap**
AL-BX001-WP
Our price: $9.95
See Details



**15" Morris Benjamin**
AS-MB-1


**Mullins Square Fleece Hooded Blanket**
MS-27


**Columbia Sportswear Bonehead Short-Sleeve Fishing Shirt**
C7130

**Microfiber Tote**
SA-B505

